# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EFL GLOBAL LLC,<br>2100 NW 97th Avenue, Suite 100<br>Doral, Florida 33172<br><br>And<br><br>EFL CONTAINER LINES, LLC<br>2100 NW 97th Avenue, Suite 100<br>Doral, Florida 33172<br><br>           Plaintiffs,<br>    v.<br><br>UNDER ARMOUR, INC.,<br>1020 Hull Street<br>Baltimore, Maryland 21230<br><br>Serve on:<br>The Corporation Trust Incorporated<br>351 West Camden Street<br>Baltimore, Maryland 21201<br><br>           Defendant. | Case No.: _____. |

## COMPLAINT

EFL Global LLC ("EFL-G") and EFL Container Lines, LLC ("EFL-C," and together with EFL-G, "EFL"), by and through their undersigned counsel, state the following as and for their Complaint against defendant Under Armour, Inc. ("UA" or "Defendant"):

## NATURE OF THE ACTION

1. At the height of the pandemic-induced supply chain disruption that hit during the second half of 2021, EFL, a freight forwarder that coordinates the movement of goods from overseas manufacturers to U.S.-based clients, toiled against all odds to ensure that UA, its

customer, continued to receive the exemplary service to which UA had grown accustomed since the inception of the parties' relationship in 2017.

2. Notwithstanding EFL's dedication to serving UA consistent with the parties' services agreements, UA withheld payment of millions of dollars owed to EFL for services performed in 2021 and 2022.

3. Eventually, on August 10, 2022, EFL and UA entered into a Settlement and Release Agreement to resolve their payment disputes concerning EFL's coordination of shipments of UA freight through the date of the Settlement Agreement.

4. Following execution of the Settlement Agreement, UA delayed in picking up its remaining freight from EFL shipping containers, and EFL had to continue to store the freight for several weeks until UA would accept delivery.

5. Pursuant to the standard rates that had been utilized by the parties throughout their years of dealings, EFL submitted to UA an invoice of $132,290 for the storage costs.

6. UA has refused to pay for the storage fees.

7. EFL thus brings this action to recover the amount owed by UA for services rendered by EFL between August 12, 2022 and September 7, 2022.

## PARTIES

8. Plaintiff EFL-C is a limited liability company formed under the laws of New York that has its principal place of business in Doral, Florida. EFL-C has two members, EFL-G and Expolanka Freight FZCO, a citizen of the United Arab Emirates.

9. Plaintiff EFL-G is a limited liability company formed under the laws of New York that has its principal place of business in Doral, Florida. It has two members, EFL Global Logistics

(Pte.) Ltd., a citizen of Singapore, and Expolanka Freight FZCO, a citizen of the United Arab Emirates.

10. Defendant UA is a Maryland corporation that has its principal place of business in Baltimore, Maryland.

## JURISDICTION AND VENUE

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), because the sole defendant in this action resides in this District and also pursuant to a forum selection clause in several agreements between the parties.

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, based upon the complete diversity of citizenship among the parties and an amount in controversy in excess of $75,000, and also pursuant to an agreed-upon forum selection clause by the parties.

## FACTUAL BACKGROUND

13. On or about May 1, 2021, UA entered into a Non-Vessel Operating Common Carrier Services Agreement ("Ocean Contract") with EFL-C. The Ocean Contract expired on April 30, 2022.

14. On September 1, 2021, UA entered into an Air Freight Service Contract ("Air Contract") with EFL. The Air Contract had a one-year term, expiring on August 30, 2022.

15. EFL provided transport and storage services to UA under these contracts throughout 2021 and 2022.

16. Those contracts included rates related to storage of UA's freight.

17. EFL continued to provide transport and storage services for UA after the contracts were no longer in effect, using the same terms and conditions that governed the prior services.

18. In February 2022, disputes arose between the parties concerning UA's failure to pay millions of dollars of outstanding fees to EFL for shipments delivered in 2021 and 2022.

19. The disputes continued for a number of months until, on August 10, 2022, EFL and UA entered into a Settlement and Release Agreement ("Settlement Agreement").  Pursuant to the Settlement Agreement, UA agreed to pay a designated Settlement Amount "in full satisfaction of any and all claims, known or unknown, that the Parties asserted or could have asserted in connection with the Services" that EFL provided to UA.  The Settlement Agreement also contained mutual releases.

20. When UA paid the designated Settlement Amount on August 12, 2022, it still had 33 ocean shipping containers of freight being stored by EFL.

21. Rather than accept delivery of its products from those shipping containers, UA continued to store its products on those containers for up to 25 additional days, knowing full well, based on its dealings with EFL, that it was incurring daily storage and chassis charges on each.

22. The total cost of storage incurred by UA between August 12, 2022 and September 7, 2022 when UA accepted delivery of the last of its products from EFL's shipping containers is $132,290 ("Outstanding Payable").

23. On or about September 7, 2022, EFL submitted invoices and related materials to UA seeking payment of the Outstanding Payable.  Hearing nothing, an accounts manager from EFL sent follow-up emails to UA on September 12, September 14, September 20, and September 27, 2022, with no response.

24. On September 27, 2022, a procurement representative from UA advised the EFL accounts manager that UA would not pay the Outstanding Payable, because those charges were "related to delivery of cargo captured under the settlement agreement."

25. In fact, the mutual releases in the Settlement Agreement cover claims only through its effective date – August 10, 2022 – meaning that charges incurred after August 10, 2022, including the Outstanding Payable, fall outside the scope of the release and thus are collectable.

26. Subsequent attempts by the parties to resolve the Outstanding Payable dispute have been unsuccessful, leaving EFL no choice but to commence the instant suit to recover from UA the moneys it has earned.

## COUNT ONE
### (Breach of Contract)

27. EFL re-alleges and incorporates by reference the factual allegations in each of the preceding paragraphs as if fully set forth herein.

28. Pursuant to the terms of the Settlement Agreement, EFL stood ready to deliver UA's outstanding freight, which was being stored in 33 shipping containers, beginning on August 10, 2022.

29. UA delayed accepting delivery, opting instead to continue storing the freight with EFL.

30. EFL's standard terms and conditions that governed storage services under the Ocean Contract continued to govern the storage services provided by EFL to UA following the Settlement Agreement.

31. EFL satisfied its obligations under the terms and conditions by storing UA's freight securely until UA took delivery of it.

32. UA made no complaint about the storage services provided by EFL.

33. EFL provided UA with invoices and explanations of the storage fees, which were consistent with EFL's terms and conditions and the fees UA had previously paid to EFL for the same services in the past.

34. Although it did not challenge the accuracy of the rates EFL applied, UA refused to pay the invoices, thereby materially breaching its contractual obligation to pay EFL for the storage services that EFL provided to UA.

35. UA's attempt to characterize the Outstanding Payable as released under the Settlement Agreement is without merit, because the storage costs were not incurred until after the effective date of the Settlement Agreement and therefore could not have been asserted at the time the Settlement Agreement was executed.

36. As a direct and foreseeable result of UA's material breach, EFL has been deprived of payment for services rendered to UA, in the amount of $132,290.

## COUNT TWO
### (Account Stated)

37. EFL re-alleges and incorporates by reference the factual allegations in each of the preceding paragraphs as if fully set forth herein.

38. UA agreed to pay EFL for the freight storage services it engaged EFL to perform, which EFL in fact did perform for UA.

39. EFL rendered statements of account to UA for the sums due and owing to EFL by virtue of the services that it provided to UA.

40. Contrary to the promise to pay embodied in EFL's standard terms and conditions, UA has failed to remit payment to EFL for the Outstanding Payable reflected on the accounts stated.

41. As a direct and proximate cause of UA's failure to pay that $132,290 balance due on the accounts stated, EFL suffered damages in that amount.

## COUNT THREE
### (Unjust Enrichment – pleaded in the alternative to Count One)

42. EFL re-alleges and incorporates by reference the factual allegations in each of the preceding paragraphs as if fully set forth herein.

43. EFL provided freight storage services to UA with the reasonable expectation that UA would pay for those services.

44. UA has had a benefit conferred upon it, consisting of the safe and secure storage of its merchandise, which UA has retained but has not paid for.

45. UA's retention of this benefit without paying for it is unjust.

46. As a result, UA has been unjustly enriched, at EFL's expense, in the amount of $132,290.

## PRAYER FOR RELIEF

**WHEREFORE,** EFL respectfully seeks judgment in its favor and against defendant UA as follows:

(a) Awarding EFL actual, incidental, and compensatory damages in the amount of $132,290 or an amount to be determined at trial;

(b) Awarding EFL its costs of collection, including attorney's fees and costs of suit;

(c) Awarding EFL pre-judgment and post-judgment interest on such sums awarded; and

(d) Awarding EFL such other and further relief that is deemed just and proper.

Date: November 10, 2022

                                           **Respectfully submitted,**

                                           /s/ *K. Nichole Nesbitt*
                                           K. Nichole Nesbitt (Fed Bar No.:  26137)
                                           knn@gdldlaw.com
                                           Patrick F. Toohey (Fed Bar No.:  20723)
                                           ptoohey@gdldlaw.com
                                           GOODELL, DEVRIES, LEECH & DANN, LLP
                                           One South Street, 20th Floor
                                           Baltimore, Maryland 21202
                                           Telephone: 410-783-4000
                                           Fax: 410-783-4040
                                           *Attorneys for Defendant*

4870-6197-8173, v. 1